[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#103)
 FACTS
The plaintiff, Nora Stein, filed a complaint on August 1, 2001, against the defendants, Rickey Horton and Jason Horton, Sr., seeking to collect an unpaid debt. The complaint alleges the following: The defendants received a loan in the amount of $24,975 from Petrowsky Enterprises, Incorporated (Petrowsky) and signed a promissory note in that amount. The plaintiff is the current holder of the note and mortgage by virtue of an assignment from Petrowsky. The defendants defaulted on their loan payment since May 1, 1999, and remain indebted to the plaintiff in the amount of $34,363.73, plus reasonable attorney's fees and costs, as provided for in the note. The plaintiff made demand upon the defendants, but the defendants have not made any payment. On September 17, 2001, the defendants filed an answer, denying all the allegations of the complaint.
On November 21, 2001, the plaintiff filed a motion for summary judgment as to liability. In support of her motion, the plaintiff has filed an affidavit, a copy of the note, a copy of the defendants' payment history and a copy of payoff figures purportedly requested by the defendants. The defendants did not file an opposition to the motion.
 DISCUSSION
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and CT Page 3543 that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book [§ 17-46]." (Citation omitted; internal quotation marks omitted.) H.O.R.S.E. of Connecticut, Inc. v. Washington,258 Conn. 553, 559-60, 783 A.2d 993 (2001).
"To make out its prima facie case, [the plaintiff must] prove by a preponderance of the evidence that it was the owner of the note and mortgage and that [the defendants] had defaulted on the note." SeeWebster Bank v. Flanagan, 51 Conn. App. 733, 750-51, 725 A.2d 975
(1999). The plaintiff avers in her affidavit that she is a holder in due course of the note by assignment from Petrowsky. The copy of the note submitted by the plaintiff shows an endorsement of the note from Petrowsky to the plaintiff. The defendants have submitted no affidavit or evidence to controvert the plaintiff's ownership of the note. There is, therefore, no genuine issue of material fact as to the plaintiff's ownership of the note. The plaintiff has, therefore, made out a prima facie case in this debt collection action.
Once the plaintiff has made out her prima facie case, the court will grant summary judgment in its favor unless the defendants have pleaded a legally sufficient special defense. NationBanc Mortgage Corp. of New Yorkv. Correll, Superior Court, judicial district of New London at New London, Docket No. 108152 January 26, 1999, Mihalakos, J.); see alsoMechanics Savings Bank v. Walker, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 500701 (March 13, 1995,Corradino, J.) (14 Conn.L.Rptr. 129). The defendants have not alleged any special defenses, accordingly, the plaintiff's motion for summary judgment as to liability is granted.
Martin, J.